UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUSSELL ALAN POWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-0404-B |
| | § | |
| TERESA JEAN LINDBERT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Teresa Jean Lindbert's ("Lindbert") Motion to Dismiss (doc. 13) (the "Motion"). Lindbert, proceeding *pro se* argues that this Court, lacks personal and subject matter jurisdiction, is an improper venue, and that the complaint fails to satisfy the applicable pleading standards. Having considered the Motion and briefing of the parties, the Court is of the opinion that it should be **GRANTED in part and DENIED in part**.

I.

BACKGROUND[1]

This dispute arises out of the 2008 divorce of Lindbert, a Tennessee citizen, and Plaintiff, Russell Alan Powell ("Powell"), a citizen of Texas. (Compl. 1.) Upon the dissolution of their marriage, the parties orally agreed that Lindbert would receive the parties' previously shared home and that Powell would receive all of the personal property within the home, including furniture,

---

[1]As explained *infra*, the Court draws its factual account from Powell's complaint, accepting as true all well-pleaded facts therein.

appliances, and jewelry. (*Id.*) Per the agreement, Powell gave Lindbert the home; however, Lindbert only allowed Powell to remove a small portion of the personal property. (*Id.*)

Powell, proceeding *pro se*, filed suit in this Court, alleging diversity of citizenship as the basis for federal jurisdiction. (*Id.* at 3.) He seeks an order enforcing the terms of the parties' agreement. (*Id.* at 2.) Alternatively, Powell asks the court to award him $78,500, the alleged value of the property that he seeks. (*Id.*) On March 27, 2009, Lindbert filed the instant motion to dismiss. (Def.'s Br. in Supp. of Mot. to Dismiss 1.) As mentioned, Lindbert moves to dismiss on four grounds. (*Id.*) First, Lindbert argues that this Court lacks subject matter jurisdiction over the claims against her pursuant to FED. R. CIV. P. 12(b)(1). (*Id.*) Second, Lindbert contends that this Court lacks personal jurisdiction over her under FED. R. CIV. P. 12(b)(2). (*Id.* at 2) Lindbert next insists that this Court is an improper venue under FED. R. CIV. P. 12(b)(3). (*Id.*) Finally, Lindbert avers, pursuant to FED. R. CIV. P. 12(b)(6), that Powell's complaint fails to state a claim for relief. (*Id.*) The Motion being ripe, the Court now turns to the merits of its decision.

## II.

## LEGAL STANDARDS

A.  *Subject Matter Jurisdiction*

"Federal courts are courts of limited jurisdiction 'hav[ing] only the authority endowed by the Constitution and that conferred by Congress.'" *U.S. v. Hazlewood*, 526 F.3d 862, 864 (5th Cir. 2008) (quoting *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981)). Even if "neither party raises the issue of subject matter jurisdiction, this Court must consider jurisdiction *sua sponte*." *Equal Employment Opportunity Comm'n v. Agro Distribution, LLC*, 555 F.3d 462, 467 (5th Cir. January 15, 2009) (citations omitted). The Fifth Circuit has long recognized that "the burden of establishing

subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Gaitor v. Peninsular & Occidental Steamship Co.,* 287 F.2d 252, 253-54 (5th Cir. 1961)). The Court must assess its jurisdiction before examining other challenges because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia,* 27 F.3d 169, 172 (5th Cir. 1994) (citations omitted).

Courts within the Fifth Circuit recognize a distinction between "facial attacks" and "factual attacks" on a court's subject matter jurisdiction. *Williamson v. Tucker*, 645 F.2d 404, 412-13 (5th Cir. 1981); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). When a party attacks subject matter jurisdiction facially, "the court must consider the allegations in the plaintiff's complaint as true." *Williamson*, 645 F.2d at 412. In a factual attack, on the other hand, a defendant may submit evidence to supplement its attack on subject matter jurisdiction, and the court need not apply a presumption of truthfulness to the plaintiff's factual allegations in the complaint. *Menchaca*, 613 F.2d at 511. Accordingly, a court may dismiss a complaint for want of subject matter jurisdiction on three separate bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. U.S.*, 74 F.3d 657, 659 (5th Cir. 1996). In this case, Lindbert's challenge to the Court's subject matter jurisdiction is a facial one as she does not supplement her motion with evidence. Thus, the Court will consider the allegations in Powell's complaint as true.

B.   *Personal Jurisdiction*

"The plaintiff bears the burden of establishing a district court's jurisdiction over a

non-resident, but it need only make a *prima facie* case if the district court rules without an evidentiary hearing." *Johnston v. Multidata Systems Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)).  On a motion to dismiss for lack of personal jurisdiction, "the district court may consider the contents of the record before the court at the time of the motion, including 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" *Quick Technologies, Inc. v. Sage Group PLC*, 313 F.3d 338, 344 (5th Cir. 2002) (quoting *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)).  The court must take as true the uncontroverted allegations of the plaintiff's complaint, and any dispute as to the facts must be resolved in favor of the plaintiff.  *Johnston*, 523 F.3d at 609.

Federal courts can exercise diversity jurisdiction "(1) as allowed under the state's long-arm statute; and (2) to the extent permitted by the Due Process Clause of the Fourteenth Amendment." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. March 30, 2009).  "Because the Texas long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Id.* (citations omitted).  "Federal due process requires the plaintiff to prove (1) that the non-resident purposely availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state; and (2) that the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Johnson*, 523 F.3d at 609 (citing *Wilson*, 20 F.3d at 647).  The plaintiff can establish minimum contacts by alleging that either general or specific jurisdiction exists.  *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001).  General jurisdiction exists where a defendant's contacts with the forum state are "continuous and systematic." *Id.* (citing *Wilson*, 20 F.3d at 647).  In such situations, a court may exercise personal jurisdiction over the defendant even if the causes of action have no ties to the forum state.  *Dickson Marine Inc. v.*

*Panalpina, Inc.,* 179 F.3d 331, 336 (5th Cir. 1999). Specific jurisdiction, in contrast, exists when "the defendants' contacts with [the forum state] 'arise from, or are directly related to, the cause of action.'" *Lewis*, 252 F.3d at 358 (citing *Wilson*, 20 F.3d at 647).

## III.

## ANALYSIS

Lindbert first challenges this Court's subject matter jurisdiction. (Def.'s Br. in Supp. of Mot. to Dismiss 1.) Lindbert then argues that this Court does not have personal jurisdiction over her. (*Id*. at 2.) Next, Lindbert asserts that this Court is an improper venue and that Powell's complaint should be dismissed for failure to state a claim. (*Id*.) In response, Powell contends that the Court has proper subject matter jurisdiction, but fails to address Lindbert's remaining arguments. (Pl.'s Br. in Resp. to Mot. to Dismiss 1.) The Court, as it must, first assesses whether jurisdiction exists with subject matter inquiries usually preceding issues of personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 587-88 (1999); *Moran,* 27 F.3d at 172.

A.  *Subject Matter Jurisdiction*

Powell maintains that this court has subject matter jurisdiction over this dispute under 28 U.S.C. §1332, diversity jurisdiction. In order to establish diversity jurisdiction, the cause of action must be between citizens of different states, and the amount-in-controversy must exceed $75,000. 28 U.S.C. § 1332. For the purposes of establishing diversity jurisdiction, a party's state of domicile is also his state of citizenship. *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.,* 485 F.3d 793, 797-98 (5th Cir. 2007) (citations omitted). "[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Reinsurance Co.,* 134 F.3d at 1253 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

Where a plaintiff's complaint alleges facts in support of a specified amount-in-controversy, the Court must determine "to a legal certainty that the claim is really for less than the jurisdictional amount" before it may dismiss for an insufficient amount-in-controversy. *St. Paul Reinsurance Co.*, 134 F.3d at 1253.

Here, the first element of diversity jurisdiction is satisfied, as the parties in this case are citizens of different states. Powell is a domiciliary of Texas, while Lindbert is a domiciliary of Tennessee. (Compl. 1.) Accordingly, the parties to this action are completely diverse. With regard to the amount-in-controversy requirement, Powell requests in his complaint the return of his property or damages equivalent to the monetary value of his property, $78,500. (Compl. 2.) The personal property includes furniture, appliances, jewelry, and inherited gifts. (*Id.* at 1.) Although the Court is skeptical that the value of the personal property in this dispute meets the amount-in-controversy requirement, it cannot determine to a "legal certainty" that Powell cannot meet the $75,000 threshold. *See St. Paul Reinsurance Co.*, 134 F.3d at 1253. Accepting the amount pled as true, Powell's jurisdictional allegations satisfy the requirements of 28 U.S.C. § 1332.

The inquiry into subject matter jurisdiction cannot end here, however, as Lindbert contends that this cause must be dismissed because the domestic relations exception to diversity jurisdiction divests the federal courts of subject matter jurisdiction over divorce decrees. (Pl.'s Br. in Supp. of Mot. to Dismiss 4.) Powell counters that the domestic relations exception does not apply in the instant action. (Def.'s Br. in Resp. to Mot. to Dismiss 1.)

The domestic relations doctrine places an additional limitation on a district court's exercise of diversity jurisdiction. This doctrine deprives federal courts of jurisdiction in "cases involving the *issuance* of a divorce, alimony, or child custody decree...." *Ankenbrandt v. Richards*, 504 U.S. 689, 704

(1992) (emphasis added). However, this exception "does not prevent federal courts from exercising jurisdiction in a breach of voluntary separation agreement that amounts to 'little more than a private contract to pay money.'" *Jagiella v. Jagiella,* 647 F.2d 561, 564 (5th Cir. 1981) (quoting *Crouch v. Crouch*, 566 F.2d 486, 487 (5th Cir. 1978)). Thus, although federal courts generally do not tread on domestic relations matters and familial disputes, this abstention does not apply to simple disputes for damages among former spouses. *See Jagiella,* 647 F.2d at 564 (finding that the domestic relations exception was inapplicable because the litigation involved only alimony payments and child support payments in arrears); *Crouch*, 566 F.2d at 487-88 (finding jurisdiction is proper where there are "no questions of custody or parental rights, no pending state court action or agreement to litigate in state court, and no threat that the former spouses will seek to play one court system off against the other.").

In the instant case, Powell is not seeking a modification of the divorce decree that he and Lindbert executed in 2008. (Compl. 1.) Rather, he is seeking enforcement of the provisions of an agreement entered into by him and his former spouse. (*Id*.) The central issue is not marital, but "little more than a private contract" between the parties. *See Jagiella,* 647 F.2d at 564. Fundamentally, the basis of Powell's cause of action is the interpretation and enforcement of a contract. Therefore, the domestic relations exception does not apply, and this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. For these reasons, Lindbert's motion to dismiss for lack of subject matter jurisdiction should be and hereby is **DENIED**.

B.      *Personal Jurisdiction*

Lindbert contends that the Court lacks personal jurisdiction over her in this cause of action because she lives in Tennessee and the divorce was granted in Tennessee. (Pl.'s Br. in Supp. of Mot.

to Dismiss 5.)  Powell's response to the motion to dismiss fails to address this contention.  (Def.'s Br. in Resp. to Mot. to Dismiss 1.)

As explained *supra*, a plaintiff bears the burden of establishing personal jurisdiction. *Johnson*, 523 F.3d at 609.  Under the requirements of federal due process, a court can only exercise personal jurisdiction over a defendant if (1) that defendant had "minimum contacts" with the forum state, and (2) such an exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice."  *Id.* (citing *Wilson*, 20 F.3d at 647).  Minimum contracts require that (1) "the defendant's contacts with the forum state are 'continuous and systematic'" (general jurisdiction), or (2) "the defendants' contacts with Texas 'arise from, or are directly related to, the cause of action'" (specific jurisdiction).  *Lewis*, 252 F.3d at 358.

In the instant case, Powell fails to allege any contacts, much less minimum contacts, between Lindbert and the state of Texas.  Lindbert lives in Tennessee and is a citizen of Tennessee. (Compl. 1.)  When the parties were married they lived together in Tennessee.  (*Id.*)  Powell fails to allege that Lindbert has ever lived in Texas, done business in Texas or with a Texas citizen, or even traveled to Texas.  (*See generally* Compl.)  Indeed Powell's complaint and response to the motion to dismiss fail to mention a single instance of contact between Lindbert and the state of Texas.  (*Id.*; *see generally* Pl.'s Br. in Resp. to Mot. to Dismiss.)  Thus, Lindbert's contacts with Texas has not been shown to be "continuous and systematic." *Lewis*, 252 F.3d at 358.  In addition, the basis for the cause of action was the divorce which was granted and executed in Tennessee by a Tennessee state court, so it cannot be said that Lindbert's contacts with Texas "arise from, or are directly related to, the cause of action." *Id.*  Powell, as the plaintiff, bears the burden of establishing personal jurisdiction, but his complaint is silent on personal jurisdiction and his response fails to address Lindbert's attack on

personal jurisdiction. *Johnson*, 523 F.3d at 609. Thus, this Court does not have personal jurisdiction over Lindbert for this cause of action. Accordingly, Lindbert's motion to dismiss for lack of personal jurisdiction is **GRANTED** pursuant to FED. R. CIV. P. 12(b)(2).

Because the Court finds that Powell has not satisfied the minimum contacts requirement of personal jurisdiction, the Court need not consider the second due process analysis to determine whether the exercise of personal jurisdiction over Lindbert would comport with "traditional notions of fair play and substantial justice." *See id*. Likewise, Lindbert's remaining arguments need not be addressed because the inquiry into personal jurisdiction is dispositive.

## IV.

## CONCLUSION

For the foregoing reasons, the Court is of the opinion that Lindbert's motion to dismiss (doc. 13) should be and hereby is **GRANTED in part and DENIED in part**. Accordingly, all claims in this case are **DISMISSED without prejudice**.

SO ORDERED.

SIGNED August 13, 2009

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE